Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
NELSON & McCULLOCH
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, N.Y 10174
T: (212) 907-6677
F: (646) 308-1178

*Counsel for Plaintiff*



# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALMER KANE LLC, | Case No.: |
| *Plaintiff,* | |
| v. | **COMPLAINT AND DEMAND FOR A JURY TRIAL** |
| SCHOLASTIC CORPORATION, | |
| *Defendant.* | |

Plaintiff PALMER KANE LLC, by and through undersigned counsel, pursuant the applicable Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of New York, hereby demand a trial by jury of all claims and issues so triable and for their Complaint against Defendant SCHOLASTIC CORPORATION, hereby asserts and alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for copyright infringement and related claims brought by Plaintiff Palmer Kane LLC ("Palmer Kane" or "Plaintiff") against Defendant Scholastic

1

Corporation ("Scholastic" or "Defendant") for Defendant's unauthorized and infringing uses of Plaintiff's copyrighted photographs.

2.     Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"); and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights); and 28 U.S.C. § 1367.

3.     Venue is proper in this Court under 28 U.S.C. § 1391(b) since Defendant resides in this District and a substantial portion of the misconduct by Defendant giving rise to the claims asserted herein occurred in this District, and 28 U.S.C. § 1400(a) since Defendant resides or may be found in this District. Further, Defendant's primary place of business is in this District, Defendant conducts substantial business in this District, Defendant is subject to personal jurisdiction in the State of New York, and Defendant has infringed Plaintiff's copyrights in the State of New York and this District.

## FACTUAL ALLEGATIONS

1.     Gabe Palmer, a resident of the State of Vermont, is a professional photographer who makes his living taking and licensing photographs.

2.     Gabe Palmer created photographs, including the photographs at issue here, as works-made-for-hire for Palmer/Kane Inc. ("PKI").

3.     PKI is identified as the registered owner of the copyrights in and to certain images that were created by photographer Gabe Palmer, including images identified herein.

4.     In a written agreement dated January 15, 2008, PKI transferred and assigned its

2

copyrights, and all interests and rights therein, to Plaintiff Palmer Kane LLC.

5.     Plaintiff Palmer Kane LLC is a stock photography agency that licenses the works of Gabe Palmer.

6.     Defendant Scholastic Corporation ("Scholastic" or "Defendant") is a Delaware corporation with its principle place of business in New York, New York.

7.     Upon information and belief, Defendant also does business as Scholastic Inc.

8.     Plaintiff is the holder of copyrights to photographs that Defendant published without authorization and used in excess of its limited license.

9.     Plaintiff owns the copyrights in and to the creative works identified herein and that are the subject of this action.

10.    The copyrights in and to the photographs that are the subject of this action have been registered with the United States Copyright Office.

11.    Defendant is a publishing company in the business of creating and publishing educational textbooks, instructional technology materials, reference works, and other similar materials and publications.

12.    Defendant sells and distributes textbooks throughout the United States, including through various companies, divisions, and imprints.

13.    Defendant used and continues to use Plaintiff's photographs in numerous programs and publications.

14.    Defendant obtained Plaintiff's photographs either directly from Plaintiff or from Gabe Palmer's and PKI's former licensing agents or both.

15.    The images at issue in this suit were licensed to Defendant for limited uses and subject to specific terms and conditions; Defendant did not acquire any copyrights or ownership

3

interests in the images at issue here.

16.     In obtaining copies of Plaintiff's photographs, Defendant represented to Plaintiff or Gabe Palmer's former agents that it would not and/or understood that it could not make any subsequent uses of these photographs without prior permission and payment of agreed-upon license fees.

17.     Upon information and belief, Defendant infringed Plaintiff's exclusive rights in and to the photographs identified herein by exploiting Plaintiff's photographs without permission; using Plaintiff's images prior to obtaining permission; and exploiting Plaintiff's photographs in excess of applicable license restrictions.

## Defendant's *READ 180 ®* Program

18.     Defendant created and owns a comprehensive reading intervention program entitled or referred to as *READ 180 ®*.

19.     Defendant's *READ 180 ®* program is divided into three "stages" identified as "Stage A" for elementary school students; "Stage B" for middle school students; and "Stage C" for high school students. Each "stage" of Defendant's *READ 180 ®* program includes numerous publications, web-based instructional materials, interactive worktexts, and associated products.

20.     Two central components of Defendant's *READ 180 ®* program are "rBooks" and "LBooks."

21.     Defendant's "rBooks" are reading and writing instructional publications that include interactive "workshops" for students and instructors.

22.     Defendant's "LBooks" work in conjunction with its "rBooks" but provide focused instruction on language and literacy.

4

23.     Defendant has created and published numerous iterations or editions of its *READ 180 ®* program and the publications associated with this program.

24.     Most recently, Defendant launched *READ 180 ® Next Generation*.

25.     Upon information and belief, Defendant's *READ 180 ® Next Generation* includes at least five (5) rBooks, 61 paperback publications, and numerous implementation guides, teachers' editions, and other publications and associated materials.

**Defendant's Infringing Use of Plaintiffs' Photographs**

26.     On or about May 23, 2011, Yvonne Silver, a "Photo/Art Buying Manager" for Defendant's Education Group, contacted Gabe Palmer to request permission to reprint his photograph depicting paramedics at an accident site in a Stage C rBook associated with Defendant's *READ 180 ® Next Generation* program.

27.     Ms. Silver's request for a license pertained to a photograph identified by Plaintiff as "sc0070117" and captioned as "Paramedics."

28.     In requesting a license to use this photograph, Ms. Silver failed to disclose that Defendant already had published this photograph in this Stage C rBook without a license.

29.     When Plaintiff inquired as to the intended date of publication for this publication, Ms. Silver responded, on May 25, 2011, that: "Publication Date is now, Spring 2011. We had expected the date to be 2012 but it was moved up."

30.     Later that same day, May 25, 2011, Ms. Silver further disclosed that "May 2, 2011 was the actual pub date."

31.     Ms. Silver's admission demonstrates that Defendant published Plaintiff's copyrighted "Paramedics" photograph without a license.

5

32.     Defendant subsequently confirmed that the rBook for Stage C for *READ 180 Next Generation* that included this photograph was printed and available to ship from the warehouse as of May 2, 2001.

33.     Defendant did not have any license to use, copy, or publish Plaintiff's "Paramedics" photograph when it published this picture in the rBook for Stage C of its *READ 180 ® Next Generation* program.

34.     Upon information and belief, publications and materials associated with Defendant's *READ 180 ® Next Generation* program, including the relevant Stage C rBook that included this "Paramedics" photograph, actually had been printed, bound, and distributed prior to May 2011.

35.     In a December 16, 2010 earnings conference call with investors, Richard Robinson, Defendant's President and CEO, stated: "we are launching a major enhancement to *READ 180*, our flagship program in March, which we are previewing to our key customers next month."

36.     Plaintiff did not grant Defendant's request for a license to use this "Paramedics" photograph in this publication.

37.     Upon information and belief, Defendant continues to use and exploit Plaintiff's photograph without a license.

38.     Upon information and belief, on or about May 18, 2011, Defendant also contacted Plaintiffs' licensing agent, Corbis Corporation ("Corbis"), to request a license to use another photograph owned by Plaintiff in Defendant's *READ 180 ® Next Generation.*

6

39.     Upon information and belief, Defendant's request for a license from Corbis pertained to a photograph identified by Plaintiff as "O-067-0124" and captioned as "Troubled Student."

40.     Upon information and belief, in requesting a license from Corbis, Defendant again failed to disclose that it already had published the photograph identified as "O-067-0124" and captioned as "Troubled Student" in a publication associated with Defendant's *READ 180 ® Next Generation* program.

41.     When communicating with Plaintiff's agent Corbis, Defendant concealed and misrepresented critical information, including that Defendant already had published the photographs for which it purported to be requesting a prospective license.

42.     Defendant   concealed   and   misrepresented   critical   information   when communicating with Plaintiff and its agent in order to create the false impression that its request for licensing rights pertained to future uses.

43.     Defendant   concealed   and   misrepresented   critical   information   when communicating with Plaintiff and its agents in order to avoid punitive fees and to conceal its infringing uses of Plaintiff's images.

44.     Defendant's attempt to conceal its unauthorized use of Plaintiff's creative works by surreptitiously seeking to obtain a license after publication demonstrates that it was and is aware that it needed to obtain a license to use Plaintiff's images and thus that its unauthorized use of Plaintiff's creative works was done intentionally, willfully, maliciously, and/or recklessly.

45.     Upon information and belief, Defendant also infringed Plaintiff's exclusive rights in and to Plaintiff's "Paramedics" and "Troubled Student" photographs by exceeding the restrictions of any prior licenses that Defendant may have obtained to use these images in prior

7

editions of publications associated with the *READ 180* ® program, including by using these images in component and ancillary publications without permission, exceeding the limited print run authorized in whatever licenses Defendant may have obtained, and/or using these images prior to obtaining the necessary license.

46.     Upon information and belief, Defendant obtained access to these "Paramedics" and "Troubled Student" photographs through Corbis in 2005.

47.     Upon information and belief, on or about September 20, 2005, Defendant purchased a putative license to use Plaintiff's "Paramedics" and "Troubled Student" photographs in the prior edition of the relevant publications associated with Defendant's *READ 180* ® program.

48.     The licenses that Defendant may have obtained to use these photographs restricted the manner in which Defendant could utilize these photographs and expressly limited the number of copies of textbooks or other materials in which Defendant could reproduce these photographs.

49.     Upon information and belief, Defendant made unauthorized uses of these "Paramedics" and "Troubled Student" photographs in publications associated with the prior edition of Defendant's *READ 180* ® program, including by publishing these photographs prior to obtaining a license and/or exceeding the limited scope of its licenses.

**Defendant's Pattern of Infringement**

50.     Plaintiff's "Paramedics" and "Troubled Student" photographs are not the only third-party content that Defendant published in the publications associated with its *READ 180* ® *Next Generation* program without a license or permission.

8

51.     Defendant failed to obtain the necessary licenses for over 2,000 photographs that were published in publications and materials associated with the *READ 180 ® Next Generation* program.

52.     Defendant's unauthorized and infringing use of Plaintiff's photographs in the *READ 180 ®* program thus is part of a broader pattern and practice of Defendant infringing and misappropriating third-party photographic content, including by using third-party images prior to obtaining permission and using third-party images in excess of applicable license restrictions.

53.     This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works.

54.     Because critical information remains in Defendant's sole possession, the full scope of Defendant's unauthorized and infringing uses of Plaintiff's photographs and other third-party content has not yet been ascertained.

55.     Upon information and belief, a reasonable opportunity for further investigation and discovery will confirm that Defendant's unauthorized, unlicensed, and/or infringing use and exploitation of Plaintiff's images is not limited to the photographic works identified herein.

56.     Upon information and belief, a reasonable opportunity for further investigation and discovery will confirm that Defendant's unauthorized, unlicensed, and/or infringing use of Plaintiff's images is not limited to the particular publications identified herein.

## CLASS ALLEGATIONS

57.     The publications and materials associated with Defendant's *READ 180 ®* program and the *Next Generation* edition of this program include thousands of third-party photographs for which Defendant does not own the copyrights.

9

58.     Defendant has acknowledged that there are over 2,000 photographs for which Defendant failed to obtain a license prior to printing the publications associated with its *Next Generation* edition of the *READ 180* ® program.

59.     Upon information and belief, Defendant exceeded the scope of its licenses to use third-party photographic content in the publications associated with the prior edition of its *READ 180* ® program, including by exceeding the licensed print run, using the content in publications or materials for which it did not obtain a license, and/or using the content prior to obtaining a license.

60.     There are numerous photographers, content owners, and other copyright holders who are similarly situated to Plaintiff in that Defendant used their images in *READ 180* ® publications without a license or in excess of any license.

61.     Plaintiff's claims against Defendant are typical of the claims of the copyright owners whose images Defendant used in its *READ 180* ® publications without a license or in excess of any license, including the copyright owners of the over 2,000 other pictures that Defendant admits that it published in publications associated with the *READ 180* ® *Next Generation* program without a license.

62.     Plaintiff thus brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class consisting of all persons or entities who own copyrights in photographs that Defendant used without permission or in excess of any license in any past and current editions of publications and materials associated with Defendant's *READ 180* ® program.

63.     Upon information and belief, the proposed class consists of at least hundreds of copyright owners located throughout the United States and worldwide and, thus, the members of

10

the proposed class are so numerous that joinder of all members is impracticable. The exact number of proposed class members is unknown to Plaintiff at this time but can be ascertained readily through appropriate discovery.

64. Plaintiff will fairly and adequately protect the interests of the proposed class and have retained competent counsel experienced in class action and copyright litigation.

65. Plaintiff has no interests that are adverse or antagonistic to members of the proposed class.

66. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by many individual members of the proposed class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the proposed class to individually seek redress for the wrongful conduct alleged herein.

67. Plaintiff's claims are typical of the claims of the other members of the proposed class as all copyright owners are similarly affected by Defendant's wrongful conduct in violation of federal law.

68. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions solely affecting individual members of the proposed class. Among the questions of law and fact common to the class are:

- Whether the Copyright Act was violated by Defendant's acts as alleged herein;
- Whether Defendant breached its licenses to use content owned by members of the class as alleged herein;
- Whether Defendant published content owned by members of the class without permission;

11

- Whether Defendant attempted to conceal its infringements by failing to disclose that the photographs owned by members of the proposed class already had been published in the infringing publication identified herein; and

- Whether Defendant's failure to obtain licenses prior to publishing third-party content in the publications identified herein was "willful" for purposes of 17 U.S.C. § 504(c)(2).

69.     Plaintiff foresees no difficulty in managing this litigation as a class action.

## COUNT I
## (COPYRIGHT INFRINGEMENT)

70.     Plaintiff repeat and re-allege each allegation set forth in paragraphs 1-71 as if set forth fully herein.

71.     Gabe Palmer created the "Paramedics" and "Troubled Student" images identified herein as works-made-for-hire for Palmer/Kane Inc., which subsequently transferred and assigned ownership and all copyrights in and to these images to Plaintiff Palmer Kane LLC.

72.     Plaintiff's copyrights in and to the photographs identified herein are registered with the U.S. Copyright Office.

73.     Plaintiff PKI's copyrights in and to the photographs identified herein are registered under Copyright Registration VAu 529-623.

74.     Upon information and belief, both images also were subsequently included in the Copyright Registration VA 1-297-358.

75.     Defendant infringed Plaintiff's exclusive rights in and to the photographs identified herein.

76.     Upon information and belief, Defendant infringed Plaintiff's exclusive rights in and to their creative works by exploiting these photographs without permission; using these

12

images prior to obtaining permission; and exploiting Plaintiff's photographs in excess of applicable license restrictions.

77. Defendant's conduct as alleged herein constitutes infringement of Plaintiff's copyrights.

78. Defendant misappropriated and made unauthorized uses of Plaintiff's intellectual property for its own profit.

79. Defendant has benefitted and continues to financially benefit from its various uncompensated and infringing uses of Plaintiff's creative works.

80. Defendant's conduct was intentional, willful, reckless, and/or malicious.

81. Defendant, by these various willful and knowing actions, injured Plaintiff, including by depriving Plaintiff of its rightful compensation for the use of these creative works and by interfering with and violating Plaintiff's exclusive rights in and to these photographs.

82. Defendant's unauthorized and infringing conduct caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

83. Defendant's effort to conceal its unauthorized uses demonstrates that its conduct is willful.

84. Defendant's effort to obtain licenses after using Plaintiff's images without permission demonstrates that its conduct is willful.

85. Defendant's effort to conceal its unauthorized use of Plaintiff's creative works by refusing to disclose that information to Plaintiff and its agents in licensing negotiations demonstrates that it was fully aware that its use was unauthorized and thus infringing.

86. Defendant's efforts to attempt to ratify its unauthorized use of Plaintiff's creative works by attempting to obtain licenses after it already began using these photographs

13

demonstrate that it was fully aware that its use of these photographs required a license and thus that its use without or prior to obtaining a license was unauthorized and thus infringing.

87.     Upon information and belief, the various infringements of Plaintiff's rights identified herein are part of a broader pattern and practice of Defendant infringing and misappropriating third-party photographic content, including by using third-party images prior to obtaining permission and using third-party images in excess of applicable license restrictions.

88.     This pattern and practice of misappropriating third-party content constitutes a habit of infringement.

89.     This pattern and practice of misappropriating third-party content demonstrates reckless disregard for the rights of the owners of those creative works, including images owned by Plaintiff.

90.     Plaintiff seeks all damages recoverable under any applicable agreements and/or under the Copyright Act, including statutory or actual damages and Defendant's profits attributable to the infringing use of Plaintiff's creative works and the damages suffered as a result of the lack of compensation, credit, and attribution. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

91.     Plaintiff bring this claim on behalf of itself and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a proposed class consisting of all persons or entities who own copyrights in photographs that Defendant used in any past and current editions of publications and materials associated with Defendant's *READ 180* ® program without permission or in excess of any license.

92.     Upon information and belief, Defendant also exceeded the scope of its licenses to use third-party photographic content in the prior editions of its *READ 180* ® program, including

14

by exceeding its limited print run, using the content in publications or editions for which it did not obtain a license, and/or using the content prior to obtaining a license.

93.     Plaintiff avers that there are numerous photographers, content owners, and other copyright holders who are similarly situated to Plaintiff in that Defendant's used their images in *READ 180* ® publications without a license or in excess of any license.

94.     Plaintiff's claims against Defendant are typical of the claims of the copyright owners of the over 2,000 other pictures that Defendant published in the *Next Generation* edition of this publication without a license.

95.     Upon information and belief, the proposed class consists of hundreds of copyright owners located throughout the United States and worldwide, and, thus, the members of the proposed class are so numerous that joinder of all members is impracticable. The exact number of proposed class members is unknown to Plaintiffs at this time but can readily be ascertained through appropriate discovery.

96.     Plaintiff will fairly and adequately protect the interests of the proposed class and have retained competent counsel experienced in class action and copyright litigation.

97.     Plaintiff has no interests that are adverse or antagonistic to members of the proposed class.

98.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the damages suffered by many individual members of the proposed class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the proposed class to individually seek redress for the wrongful conduct alleged herein.

99.     Plaintiff's claims are typical of the claims of the other members of the proposed class as all copyright owners are similarly affected by Defendant's wrongful conduct in violation of federal law that is complained of herein.

**WHEREFORE,** Plaintiff respectfully prays for judgment and for the following relief on its behalf and on behalf of the proposed class:

1.     A preliminary and permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, advertising, promoting, selling or offering to sell plaintiff's photographs or creating, obtaining and using substantially similar photographs in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing Plaintiff's photograph described in this complaint in the control or possession of Defendant;

2.     All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue, and Defendant's profits attributable to infringement and damages suffered as a result of the lack of credit and attribution;

3.     All damages allowed under any applicable contracts or agreements;

4.     Plaintiff's full costs, including litigation expenses, expert witness fees, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

5.     All allowable damages caused by and/or resulting from Defendant's violation and infringement of Plaintiff's rights in and to this creative visual works;

16

6.     Any other relief authorized by law, including punitive and/or exemplary damages;

and

7.     For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated October 21, 2011
New York, New York.

Respectfully submitted,

NELSON & McCULLOCH

By:

Danial A. Nelson (DN4940)
Kevin P. McCulloch (KM0530)
The Chrysler Building
405 Lexington Ave., 26th Floor
New York, N.Y 10174
T: (212) 907-6677
F: (646) 308-1178

dnelson@nelsonmcculloch.com
kmcculloch@nelsonmcculloch.com

*Attorneys for Plaintiff*

17