UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

PALMER KANE LLC,

                  Plaintiff,

        -v-

SCHOLASTIC CORPORATION,

                  Defendant.

------------------------------------------------------------ X

11 Civ. 7456 (KBF)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 2 0 2012

KATHERINE B. FORREST, District Judge:

IT IS HEREBY ORDERED that, for the reasons stated on the record in today's initial pretrial conference, the motion for an order pursuant to Federal Rule of Civil Procedure 23(d) to restrict communications is DENIED. The Clerk of the Court is directed to terminate the motion (Dkt No. 15).

IT IS FURTHER ORDERED that the parties adhere to the following schedule:

1. No later than **January 27, 2012**, plaintiff shall produce the copyright registrations for any photographs created by Gabe Palmer identified in the complaint. If plaintiff Palmer Kane LLC is not listed as the registered owner of the images on the registrations, plaintiff shall also produce documents sufficient to show whether there is an assignment of any rights between Gabe Palmer and Palmer Kane LLC relating to these images. Plaintiff shall also insure that the images at issue in the complaint relating to READ 180 are clearly tied to a registration.

2. No later than **January 27, 2012**, defendant shall provide documents sufficient to show in which Read 180 publications images owned by plaintiff were used and the number of units produced for each of those publications.

Class Certification

Discovery for class certification shall consist of the following:

3. All discovery related to class certification in this matter shall be completed no later than **February 27, 2012**.

4. No later than **January 27, 2012**, defendant shall provide plaintiff with a list (including contact information) of all licensors of photographs for any READ 180 edition with respect to whom permission to use the photograph was not obtained until after publication.

5. No later than **January 31, 2012**, plaintiff and defendant will confer and attempt to agree on the smallest universe of licensors that could be used as a sample ("Sample Licensors") necessary to prepare an adequate evidentiary record with respect to class certification.

6. If the parties are unable to agree on the size of the Sample Licensors group, they shall each submit a letter to the Court no later than **February 2, 2012**, at 4:30 p.m. of no more than three-single spaced pages setting forth their respective positions.

7. The Court will endeavor to provide the parties with its determination of the appropriate sample size by **February 3, 2012**.

8. No later than **February 3, 2012**, plaintiff shall provide to defendant all communications with Corbis or Mr. Palmer relating to licensing its photographic works at issue in the complaints to Scholastic.

9. No later than **February 6, 2012**, plaintiff will notify defendant of which specific licensors from the list will be its Sample Licensors (the number not to exceed that agreed upon by the parties or as set by the Court).

10. With respect to the Sample Licensors, defendant shall produce the following information to plaintiff no later than **February 10, 2012**:

    a. All internal and external communications regarding the licensing of those licensors' photographs for any READ 180 publication as well as any agreements or licenses relating thereto.

    b. Documents or information (e.g., potentially in the form of an interrogatory response or declaration) setting forth: (1) for which READ 180 publications permission was not obtained prior to publication; (2) identify the photographs at issue; and (3) the number of units published.

11. No later than **February 10, 2012**, defendant shall provide to plaintiff any general internal policy, practice or guidance regarding licensing of photographic works that exists, which may or should have been followed in connection with the READ 180 series.

12. No later than **February 17, 2012**, plaintiff shall notify defendant of any Sample Licensors from whom it expects to obtain and submit declarations in support of class certification.

13. Depositions of any Sample Licensors must occur on or prior to **February 27, 2012**.

14. Depositions of any party witnesses must occur on or prior to **February 27, 2012** (plaintiff may take up to 3 depositions of defendant).

15. Plaintiff shall submit its motion in support of class certification no later than **February 29, 2012**; defendant shall submit its response no later than **March 29, 2012**; and plaintiff shall submit a reply, if any, no later than **April 13, 2012**.

16. A status conference/argument on class certification will be held on **May 4, 2012**, at 2:00 p.m.

This Order shall be modified only upon good cause shown which shall mean a true inability of a party to prepare an adequate record for the claim certification motion.

SO ORDERED.

Dated: New York, New York
January 20, 2012

_____
KATHERINE B. FORREST
United States District Judge